*Warner v. Garland*

BIA
Conroy, IJ
A088 445 267

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

Dijon Imran Warner, AKA Mustard Unknown,
> *Petitioner*,

> v.                                                                  20-2197

Merrick B. Garland, United States Attorney
General,
> *Respondent*.

_____

FOR PETITIONER:           Craig Relles, Law Offices of Craig Relles, White Plains, NY.

FOR RESPONDENT:           Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Dijon Imran Warner, a native and citizen of St. Kitts and Nevis, seeks review of the BIA's decision affirming an Immigration Judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").[1] *In re Dijon Imran Warner,* No. A 088 445 267 (B.I.A. July 6, 2020), *aff'g* No. A 088 445 267 (Immigr. Ct. N.Y.C. Jan. 24, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We consider the IJ's decision as adopted and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo*. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). The agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Upon such review, we conclude that the record supports the agency's determination that Warner failed to establish either past persecution or a clear probability of future persecution or torture.

To qualify for withholding of removal, an applicant must establish past persecution or that he will more likely than not be persecuted in the future and that such persecution was, or will be, because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1), (2).

The agency did not err in concluding that Warner failed to establish past persecution. A

---

[1] Warner does not seek review of the agency's denial of his asylum claim as time barred.

past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006).   In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate.   *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

Warner alleged that he was sexually harassed by the then-Prime Minister Timothy Harris.[2] He asserts that after he reported this and other improper conduct, Warner and his then-girlfriend were attacked by an unarmed man acting on behalf of Harris, though neither suffered any injuries, and that the same man later threatened Warner.   On these facts, the agency did not err by concluding that this harm was not sufficiently severe to establish past persecution.   "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive."   *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citation omitted).   "[T]hreats of persecution, no matter how credible, do not demonstrate past persecution."   *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014).

Where, as here, an applicant has not shown that he suffered past persecution, he must establish future persecution.   8 C.F.R. § 1208.16(b)(2).   "Eligibility for withholding of removal requires a clear probability of persecution, *i.e.*, [that] it is more likely than not that the alien would be subject to persecution."   *Wei Sun v. Sessions*, 883 F.3d 23, 27–28 (2d Cir. 2018) (alteration

---

[2]   Public records suggest that, in August 2022, Harris was replaced by a new prime minister of a different party and political affiliation.   *See The Saint Kitts and Nevis Election*, U.S. Dep't of State (Aug. 6, 2022), https://www.state.gov/the-saint-kitts-and-nevis-election; *St. Kitts and Nevis Labour Party Convincingly Wins General Elections*, St. Kitts & Nevis Information Service (Aug. 6, 2022), https://www.sknis.gov.kn/2022/08/06/st-kitts-and-nevis-labour-party-convincingly-wins-general-elections-in-st-kitts-and-nevis.   These records appear to be the type of which we can properly take judicial notice.   *See* Fed. R. Evid. 201(b)(2), (d); *Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 299 n.7 (2d Cir. 2022) ("A court may take routine judicial notice of documents retrieved from official government websites." (internal quotation marks and citation omitted)).

omitted) (internal quotation marks and citation omitted). "Withholding claims . . . lack a subjective component and are concerned only with objective evidence of future persecution." *Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006). "In the absence of solid support in the record . . . [an applicant's] fear is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

The agency also did not err in concluding that Warner failed to show a clear probability of persecution. Warner alleged that he was charged with manslaughter in retaliation for his complaints. "Punishment for violation of a generally applicable criminal law is not persecution," *Saleh v. U.S. Dep't of Just.*, 962 F.2d 234, 239 (2d Cir. 1992), but "prosecution that is pretext for political persecution is not on account of law enforcement. Thus, someone who has been singled out for enforcement or harsh punishment because of his political opinion can show eligibility." *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) (internal citation omitted). Warner admitted that he shot and killed his partner; although he alleged that he slipped and shot inadvertently while he was attempting to apprehend a suspect, he did not present sufficient evidence to establish that the manslaughter charges were pretextual. Warner's contention that the then-prime minister was using the arrest warrant as a pretext for a politically motivated, retaliatory prosecution is thus "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

Moreover, the agency did not err in concluding that Warner failed to establish that any future persecution would be on account of a protected ground.[3] The record does not compel the

---

[3] Although the replacement of Harris as prime minister (with a new prime minister of a different party and political affiliation) may further undermine Warner's claim of future persecution, we do not consider such changed circumstances that were not before the agency. Instead, we conclude that the agency's decision should not be disturbed based on the record as it existed at the time of the agency decision, that is, when Harris and his political party still maintained control of the government.

4

conclusion that Warner's alleged particular social group of former police officers who are whistleblowers was cognizable as a socially distinct group. *See Paloka*, 762 F.3d at 195–96. The evidence regarding country conditions describes government corruption but does not report on how society in St. Kitts and Nevis views police officers who act as whistleblowers. *See id.* at 196 ("[I]n determining particularity and social distinction what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception.").

The record also does not compel the conclusion that Warner's complaints about the then-prime minister reflect a political opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir. 2005) (holding that opposition to corruption may constitute a political opinion where it "transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime"). We held in *Yueqing Zhang* that the relevant questions for determining whether opposition to government corruption constitutes political opinion are "whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Id.* at 548 (internal quotation marks and citation omitted). Warner filed a sexual harassment complaint against then-Prime Minister Harris and reported Harris' possible corruption to his supervisor to effect his transfer to an assignment away from Harris. These personal complaints do not demonstrate that he acted out of political opposition to general government corruption.

In sum, the agency reasonably concluded that Warner did not establish past harm rising to the level of persecution, *see Mei Fun Wong*, 633 F.3d at 72, or a clear probability of future persecution, *see Wei Sun*, 883 F.3d at 27–28; *Jian Xing Huang*, 421 F.3d at 128–29, including

5

persecution on account of a protected ground.   His failure to establish a clear probability of future harm is dispositive of both withholding of removal and of CAT relief, which requires a higher likelihood of harm.   *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court